UNITED STATES DISTRICT COURT
**MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

**JOSHUA BISHOP,**

      **Plaintiff,**

**v.**                                                              **Case No:  2:12-cv-650-Ftm-29DNF**

**JACK & STACY ENTERPRISES, INC.
and PAUL JALLO,**

      **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on the parties' Joint Motion for Approval of

Settlement Agreement, and for Dismissal With Prejudice (Doc. 19) filed on April 2, 2013. The

Plaintiff, Joshua Bishop and the Defendants, Jack & Stacy Enterprises, Inc., and Paul Jallo are

requesting that the Court approve the parties' settlement of the Fair Labor Standards Act

("FLSA") claim.

      On December 31, 2012, the Defendant, Paul Jallo filed a Notice of filing Notice of

Chapter 11 Bankruptcy Case (Doc. 7) and on January 2, 2013, the District Court entered an

Order (Doc. 10) which stayed this case as to Paul Jallo only and required Mr. Jallo to advise the

Court as to the status of his bankruptcy every 120 days.  After the parties filed their Joint Motion

for Approval of Settlement Agreement, and for Dismissal With Prejudice (Doc. 19), the District

Court entered an Order (Doc. 20) which required the Plaintiff to notify the Court if Paul Jallo is

due to be dismissed or if this case should remain stayed until the resolution of Mr. Jallo's

bankruptcy matter.  On April 11, 2013, the Plaintiff filed a Response to Court Order (Doc. 21)

which indicated that the Defendant, Paul Jallo should be dismissed as part of the parties' Joint

Motion for Approval of Settlement Agreement (Doc. 19).

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff was employed as a clerk in a gas station and convenience store by Defendants. The Plaintiff was represented by counsel throughout this litigation. The Plaintiff received the entire amount that he requested at the outset of the litigation, therefore, there was no

compromise.  The Plaintiff will receive $2,676.00, and an additional $10.00 in consideration for his releases, confidentiality, and covenant not to sue.

The parties agreed to pay the Plaintiff's counsel $1,833.16 in attorneys' fees and $490.00 in costs.  (Doc. 19). The parties negotiated the amount of attorney's fees and costs separately, and without regard to the amount paid to the Plaintiffs.  (Doc.  19). Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client]  has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.   In the instant case, the Defendant, Jack & Stacy Enterprises, Inc. paid the entire amount the Plaintiff requested (See, Doc. 19, p. 1), and the attorney's fees were agreed upon separately and without regard to the amount paid to the Plaintiffs.  The Settlement Agreement and Waiver/General Release (Doc. 19-1) appears reasonable on its face.  Therefore, the Court finds this settlement to be fair and reasonable.  Further, the Court recommends that pursuant to the Response (Doc. 21) that the Defendant, Paul Jallo be dismissed.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Motion for Approval of Settlement Agreement, and For Dismissal With Prejudice (Doc. 19) be **GRANTED** and the Settlement Agreement and Waiver/General Release (Doc. 19) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues, and the Court recommends that the Defendant, Paul Jallo be dismissed.  The Court further recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on April 11, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties